Denson v. Gerteisen Zoha Munchey v. Dahlonega, Georgia I didn't want to start my argument without acknowledging her. Roberts. Thank you, Mr. Liebel. You may begin now. Liebel. Your Honors, my name is Steve Liebel. I represent Betty Denson, a resident of the State of Alabama, who came to our north Georgia mountains for a vacation. And she booked this vacation through Vacasa, which is a rental company that basically is like a hotel, because in the outline that I looked at, the court has to take a look at the agreement that was made between the owners of the property and the Vacasa rental services agreement, which is before the court. And the district court construed this agreement against us, finding that my client was not a guest but was a tenant. And fortunately, the Georgia Supreme Court just issued a decision in Efficiency Lodge v. Neeson, 2023 Georgia Lexus 134, just some weeks ago, where the court basically says you have to take a look at all the facts and circumstances to determine whether or not there is a tenancy. Well, there is. It's a very helpful decision here. It's a fabulous decision for this case. And I will tell you that because of this decision, first of all, you would find It's pretty clear there's not a landlord-tenant relationship. It is not a landlord-tenant relationship. And to hold otherwise, the court says, would allow the guests who are guests, which also is defined in the Black's Law Dictionary as a traveler, just as the Densons were, that they would have due process rights for eviction in the event there was a landlord-tenant relationship. Well, now what we have is a guest-innkeeper relationship between the parties. And under that circumstance, the entire landlord-tenant, landlord-out-of-possession arguments all go out and it becomes It's not entirely clear to me that it's necessarily an innkeeper. It does seem to me that the Supreme Court of Georgia's decision makes clear that it's not landlord-tenant. But the Supreme Court of Georgia said that those are not the only categories, right? The Supreme Court then gives a, says you can go outside of any agreements. Now, so now that we know that it's an innkeeper relationship, or it's Wait, you keep saying now that we know. Well, now that we know that it's not a landlord-tenant relationship, maybe is a better way of putting it. Now that we know that it's not a landlord-tenant relationship, Judge, I agree that the next question is the analysis. And in Georgia, with them paying taxes, and according to the VCASA services agreement, they withhold taxes, lodging taxes. That is a key factor in Neeson. And so, therefore, with all due respect to the Court, I do believe it's an innkeeper-guest relationship by that being the fact. And because this is a motion for summary judgment, that fact alone should give the — give rise to the Court to make the determination that this is a jury question as to what that relationship is, if even necessary. I think what we have here is a Robinson v. Kroger. Why wouldn't we say — why wouldn't we reverse the district court on its determination of a landlord-tenant relationship and remand for the district court in the first instance to make the determination about what it is? We know what it's not. Okay. But I don't know if there's anything else. What would — I hate to ask the court the question, but what else would you determine? Well, here's what the Supreme Court of Georgia said, right? Right. The absence of a landlord-tenant relationship does not necessarily mean the parties are in an innkeeper-guest relationship. Right? I'm not disagreeing, but the question that the Supreme Court then — That can only be true — isn't that right? If there's something else. Maybe. And it seems to me — maybe? I mean, that's just logic, isn't it? Well, it's logic that it could be something else, but the question is what else could it be? Does that mean — That's right. And why shouldn't I let the district court in the first instance take the crack at that? Well, why wouldn't we then ask the Supreme Court, like we had asked the court, that we could refer this to the Georgia Supreme Court as well and ask them what they think? Well, I'm not sure that the record's developed enough for us to certify that question and whether it would have to be outcome determinative, which it often has to be. There's a lot that we'd have to decide in framing whether that — and what you do with certification is you end up — maybe this is a good case for it. I'm not — You see, this is — But the problem is you've just added — you've already had, you know, briefing in a district court. Now you've got it here, and now you're going to kick it over to the Supreme Court of Georgia. Then it comes back to here. Then it goes back to the district court. Well, it goes back — There are costs associated with that. Listen, I understand the court's understanding of — and I respect that. But at the same time, this is a very important issue. And the reason it's so important is that we now live in a world where Marriott and other companies are renting people's homes. It's definitely not a landlord-tenant relationship. Then what is it? If it's — if we don't know what it is — We've got Airbnb. We've got so many different ways that people stay places. Exactly. And then the question is, what are the duties? I can — I would say this is a Robinsons v. Kroger issue then. And then that would be what is the standards that would come as to — So what would be the standard for defective construction and or failure to repair if it is what you contend the relationship to be? They have a duty. And if you take a look at the record also, when Becasa came in, they had — the Gurdonsons, they had control over the property. So that's an issue as well. And they were told if there was a problem, they would have to repair it. And they had duties that were outlined in the relationship of the agreement. Can there be liability for a failure to repair if the alleged hazard related to an original design of the staircase? I think that there can be. I think there also the issue is going to be before the jury. That's a jury issue then. The jury issue is what's reasonable, what's not, whether she could have seen it, whether she couldn't see it, whether or not they were violating code at the time or not. If you took a look, for example, at Bastian in a landlord-tenant relationship, Bastian says that if it's violative of the code, then you're responsible for it. Well, if it was obvious enough for there to be a failure to repair theory, then how do you deal with the prior traversal? Because the record indicates she'd been up and down these stairs. One time. One time. If you take a look at the case that we cited in the record, it's the prior traversal is Agilis v. Theater of the Stars. In that case, there was an elderly woman who went up one way, came down the other way, and the court said it's a jury question. And so it's the same thing. It's the same thing. So it becomes the traditional Robinson v. Kroger analysis. It said that Gertizen's, it seemed to me, didn't have actual knowledge. You'd have to rely upon a constructive notice theory. And what's the evidence to support that? Well, the evidence hasn't been fully developed in the record. Wouldn't that be another reason to remand them? I don't have a problem with remanding the case. I just think that if it's not, see, I think it's sort of like a rose, the analogy of a rose that's of any other name smells as sweet. It's still a rose. It's maybe a different type. Have you ever coached Little League baseball? I have coached Little League baseball. So you know at the draft, everybody's son is not one of the top players in the league because they want to take him later in the draft. But then when you get to the All-Stars at the end of the season, all the coaches' sons are one of the best 12 players in the league to make the All-Star team. And I'm curious if there's not an analogy there to this difference between failure to repair and prior traversal. There's no evidence that there's actual notice, but your client did walk up those steps and would have noticed design defects, right? No, not actually. There is a difference in the way that the perception of that staircase is going up is one way and treadle height going down is another. One goes up one side of the staircase. One goes down the other side of the staircase. It's the same thing as agilis. On one side, it looks one way. On the other side, it looks another way. So it is a jury question. Why do you go up and down on different sides? The railing's on the same side. You have two sides. You go up one way. If you're following the rules of the road, is what you're saying. I don't follow the rules of the road when I'm navigating stairs. I mean, there's no center line. But there is a perception line. I mean, I go on the side of the railing. Sometimes stairs have railings on both sides. Well, sometimes they do. This one didn't. But this also had a different treadle height. So if you take a look at it going up, it's one way. You go up one way. You come down another way. That's an issue for the jury as to what happened and why. It looks like my time. Can I continue? Yes. Okay. It's a jury question as to the reasonableness of it. It's a jury question as to what happened. This is what Robinson v. Kroger said. It's a jury question. The finder of fact is the jury. And in Georgia, under Robinson, we would be entitled to have a jury trial as to whether or not it could or could not. Okay. Let's hear from Mr. Fields. Thank you, Your Honors. May it please the Court, my name is Paul Fields, and I represent the appellees Donald and Linda Gerdeson. I think my argument just went out the window by the questions that the Court was asking. But I wanted to ‑‑ I think Your Honors are obviously familiar with this. I'm not going to bore you with reciting all the facts. Good. That's always a good idea when you appear before us because we know the facts. I know you do. I wanted to take ‑‑ disagree with one thing that was just said about needing to further review the record because the record does not need to be further reviewed. Discovery had closed. And if you read the statement of undisputed material facts that was put forward, the issues have been resolved. There is no evidence. It's pretty clear after the Supreme Court of Georgia's recent decision this isn't a landlord‑tenant relationship. You would agree with that, right? Your Honor, I recognize sometimes your judges want you to, and I don't. And I spent a better part of three days reading the Efficiency Lodge case over and over and over again. And it's, first off, as I'm sure Your Honors know, it's a completely different situation. It dealt with a hotel that had both short‑term and long‑term residents. It was not dealing with the protections afforded out-of-possession landlords. It dealt with 4471. And so the question was, do you have to go through the dispossessory process when you've had somebody that's been living in a hotel in a room for a long time? All right, so to establish a landlord‑tenant relationship, the evidence must prove that a person is in actual possession of the property in question, right? Correct. The court described how to identify that as when someone uses property as a home, not just a place to sleep or stay for a short time. Such use is marked by various acts of ownership and control, like maintaining a relatively continuous physical presence, performing routine cleaning and maintenance, altering furniture and decor, keeping belongings there. Come on. I mean, that's not satisfied, is it? Well, Your Honor, they certainly used it as a home. It was a home they were staying in. And it was a home that, did they come in and redecorate? Of course not, Your Honor. They were there for, I believe it was going to be a week. You think that when you go someplace to stay for a week that you consider that you're treating that as your home? I've never stayed at a week at a place where, just for a week, knowing I'm going to leave at the end of the week, and considered that place my home and treated it as my home. I agree with that, Your Honor. You don't treat it as your home, and I'm not going to maintain that you do. But you also, you're not, the relationship is certainly not one of landlord and tenant, which is what the argument that is being put forth. And because landlord and tenant, I think the statute is 43-21-1. No, you agree. It's not a landlord-tenant. No, I said, I meant, forgive me, Your Honor. That's what you just said. I meant innkeeper. I said it and I misspoke. I was referring to innkeeper guest. Oh, that, I'm not sure about that. Because the innkeeper guest is 43. The Supreme Court of Georgia said that it might not be either, right? Well, it said it may not be either, in which case, then I think it goes back to 51-3-1, if I'm not mistaken, of the statute. What is door number three? I'm curious. I don't live in Georgia. I don't regularly apply Georgia law. What is door number three that was silently referred to here? Your Honor, I believe it would be 51, let me get the statute correct. I thought it was 43-21-2. I thought it was where there's persons entertaining only a few individuals or simply for the accommodation of travelers are not innkeepers but are depositories for hire. I was reading it as 51-3-1, which requires the owners of land to exercise a duty to provide ordinary care, which would be the tort standard as to what they. General premises liability. General premises liability. I do not believe that it is an innkeeper guest. If you look at the statutes that are set forth under 43-21-1 through 33, it sets forth specific requirements which guests must, which innkeepers must involve guests. Can I go back to the landlord-tenant question for a minute? Certainly. Would it make a difference if the stay was longer than the week, say the stay was for an entire summer? Would the VOCASA agreement, I mean, is that something that's contemplated there? Well, Your Honor, the VOCASA agreement says simply, and this is why I'm not so sure that, with all due respect to Chief Judge Pryor, I'm not so sure that it is not still a landlord-tenant relationship because they are an out-of-possession landlord. They are certainly a landlord. They are leasing their property to somebody else who's coming in to stay. There are many Georgia cases that says the tenancy does not get a property. There may be a relationship between the owner and the management company that's landlord and retail management company, but that doesn't mean that the relationship of your client to your adversary here is landlord-tenant, does it? They certainly are a landlord leasing to a tenant, right? They're not an innkeeper-guest because they're not doing the things that an innkeeper-guest does, and there's no specific amount of time that the relationship must exist. Why don't you, because I do want to give you an opportunity to do this, why don't you tell us why you think Efficiency Lodge supports a landlord-tenant relationship here? Well, because if you look at the very end, and again, I've read this decision many times and trying to understand exactly what they're saying because it was unanimous, but they went through all the various factors, and then at the very end they say, but the thing that we focus back on is what does the contract say? And they even recognize at the end, for these individuals, they looked at the contract and said, what does the contract say? And here we have somebody who is moving in and is renting a building, and there is a contract where my clients, as the owners of the premises, are prohibited from going into this home while somebody else is living there. The only way they can use the home is if they agree to sign up just like another renter or they go to VCASA, the rental agency, and say, hey, we want to use this home. So it seems to me we know we have a landlord and we know that we have a tenant that is renting from the landlord, and we know that my clients are certainly out of possession. And if they are out of possession landlords, then you come into play with 44-714, which provides protections, and those protections are there's tort liability except in the case of defective construction or faulty workmanship and failure to repair, which, as Judge Proctor was referencing, requires specific knowledge of the problems that are there. So in reading the Efficiency Lodge decision, again, over and over again, I didn't find anything in the Efficiency Lodge decision that said they would not be a specific landlord. Well, the renter here doesn't have any ability to change the premises, right? They can't redecorate. They can't take furniture out, that sort of thing. Is that right? That's correct, Your Honor. I would assume, I guess if they wanted to bring in their own furniture, as Tiger Woods, when he supposedly would play in tournaments, would come in for a week, bring in his furniture, and then move it back out, I'm sure that you could probably do that if you wanted to. Most people would not. But I don't think there's any prohibition about moving in furniture if you want to make it like your home. They can't change the locks, the renters, right? There's a case about changing locks that talks about it. I do not know if there's any prohibition. I didn't read in the contractor prohibition against changing locks. Really? But I guess you're saying the fact that the landlords can't just go in at will is kind of the equivalent of changing the locks for that week. Right. That's correct, Your Honor. They're prohibited from going in. And they are told that, in fact, if you read Section 4, Part 2, of the VCASA rental agreement, they can't even have cameras that will point into the house in any way. They're given complete privacy. That is your place to stay for a week. And if you stay in an Airbnb, that's generally what happens. You do not have, as in the case of hotels, oftentimes you have people coming in that are cleaning every day. You have people that come in and will inspect. They will come into the home all the time. That doesn't happen in this type of relationship. So, essentially, it is their home, albeit for a week, and which, again, Georgia law says in many of the cases there's no specific period through which a landlord-tenant relationship has to exist. Let me ask you this. Generally, we can review de novo a summary judgment record to determine whether or not there's a material issue of fact in a case. Correct, Your Honor. But in this situation, depending upon the outcome of the efficiency lodging question applied here, the district court didn't have the opportunity to review that in the first instance. That's correct, Your Honor. Why wouldn't we just remand back to the district court and say you have efficiency lodging, you didn't have it before, pick up where you left off with efficiency lodging? I think Your Honor could do that. You could remand to Judge Jones and say, look at this in the context of efficiency lodging. Again, efficiency lodging is a different factual situation and a different issue. Because otherwise we're ruling on summary judgment and not reviewing summary judgment, at least arguably, right? Essentially the summary judgment court with these new arguments being made. Well, yes, Your Honor. I mean, you said you're reviewing it de novo, but that's within your power to review de novo. We often do if there's an intervening decision, for example, from the Supreme Court of the United States on an issue of federal law, the district court in the first instance did not have the opportunity to review it. But the record is what the record is. We would be reviewing de novo anyway, and with the benefit of the intervening decision, we just apply the law and we don't remand. But here it does seem to be more problematic in the sense that we've got a decision from the Supreme Court of Georgia cast a lot of doubt on its determination about a landlord-tenant relationship. It's certainly more guidance from the Supreme Court of Georgia on that question than previously existed, but it's not altogether clear that if it's not a landlord-tenant relationship, what it actually is, and that might actually counsel to remand. Your Honor, I would like to understand Your Honor's premise, and yes, certainly, I mean, if you read the Efficiency Lodge decision from the Supreme Court, they essentially remanded doing that and saying we've now given you these factors that we want you to look at and go and look at them with these factors. I would submit here, however, that the record is very clear that even if you were to take general ordinary rules of negligence, they don't exist here. Well, what about the eerie question? I'm going to change course on you here for a second. Under most theories discussed by the parties, it seems to me that only in plain and palpable cases is summary judgment due under Georgia law. Now, I realize we run into this from time to time where a state court applies a slightly different or maybe substantially different summary judgment standard than we would under our Federal Rule of Civil Procedure 56, but I'm curious whether you have a position on whether that's substantive or procedural under eerie in terms of what the Georgia Supreme Court has said about only granting summary judgment in these premises cases when it's plain and palpable that the defendant's entitled to summary judgment. Your Honor, I would maintain that in this case, actually what I was getting ready to touch on, that it is plain and palpable because if you look at the record. So you embrace that standard? I would embrace the standard that you should apply 9-11-56. I mean, not 9-11, excuse me, Rule 11-56. You're saying that we should apply the Georgia standard for summary judgment? No, you should apply the Federal standard for summary judgment. The case is properly in Federal court. It was properly removed. There's no dispute as to that it's properly in Federal court, and so the Federal summary judgment standard should be applied, not the state court standard. My point was that if you look at the underlying facts to show any negligence at whatsoever, it doesn't exist. And I did want to disagree with what opposing counsel said about any knowledge of any defect. It's not there. We have a home that was constructed pursuant to a Southern Living Design Plan. It was built. It received a certificate of occupancy. There have been no issues whatsoever over the life of the building. It was inspected, and Judge Jones goes into this in great detail in the summary judgment order. It was inspected. There were no issues that were found. There's not a single indication of negligence. In fact, the expert … Did the plaintiff's expert opine that the defect would have been discovered in a pre-purchase inspection? No, Your Honor. In fact, it was specifically said, and Judge Jones does a very good job of pointing this out, that he was — he has no knowledge of what — how inspections are done. And, in fact, it was stated in the — in the — in his deposition that, hey, I don't — the opposing counsel said he is not an expert on inspections. So you have a home that has no problems. And I think in that situation, summary judgment is appropriate. Thank you, Your Honor. My time is up. If I may, this court is sitting — that is, the district court is sitting as a Georgia court because of diversity. This is not a federal case. This is — I mean, it is a federal case. It's not a federal question case. It is a federal case. It is not a federal question case. It is a federal case. But it's sitting in diversity. And the district court has to comply with the federal rules of civil procedure. Of course. Including Rule 56. I understand. But I'm just saying is that when the court has to be cognizant — You don't have any basis for arguing that that plain and palpable standard is substantive as opposed to procedural. See, I do believe it's substantive. I do believe it's a substantive standard in Georgia law. It's not a creed that you get to believe or not believe. It's either the law or it's not. What would be the basis for such a, quote, belief? Well, the court, the Supreme Court of Georgia has said that that's the legal standard, that it goes to the jury. That's for Georgia courts, sure. Whatever the Georgia Supreme Court says about that doesn't govern us in terms of our determination of our own procedures. This reminds me of the time the lawyer once told me, Judge, I'm not saying this is the law, but it ought to be. Well, I can tell you I'm glad that we're here. Why is it 13 minutes and 40 seconds on the clock? Well, I just wanted the — Yes. This is what I'd like to say about the evidence. Our expert doesn't say that he's not an expert in the code or that this is not a defect. The expert said, I'm not a home inspector, so I'm not going to give an opinion on what a home inspector would do. Not that he's a fire marshal, and he gave an opinion as a fire marshal, which is a completely different situation than being a home inspector. And the courts have looked to see the expertise of the individual expert. We've already identified him in the Rule 26. They have no other experts. So they have provided no experts in the record as to what would have, should have, or could have. They just went ahead and said this was a fact, but there's no expertise that was provided to the district court by the defendants, the appellees. Can you proceed on your defect theory and saying it would have — do you have to show it would have been discovered during a pre-inspection? No. Not when it comes — if it's not a landlord-tenant relationship, it is not applicable. That is not it. It's the ordinary rules of negligence that would apply. And that's what is important in this case to us, and I believe that it would be proper to — this is where my belief comes in, Judge. It would be proper to go to the Supreme Court to find out what it is. But if it goes back to the district court, the district court judge is without guidance as to what it is because this court can find that it is not a landlord-tenant relationship as a matter of law, based upon the Georgia Supreme Court decision. And if that's the case, then the next inquiry becomes what is it. And if this court directs the district court to find out what it is, I think that it would be best to provide that guidance through the Georgia Supreme Court with the question being certified to the Georgia Supreme Court so that we have clarity in this area because it's so important in Georgia with the vacation industry, especially where I live up in north Georgia, and the amount of homes that are being rented through these various rental services agreements. The other inquiry — What's the question that you would have us certify to the Georgia Supreme Court? If it is not a landlord-tenant relationship, what is it? What other relationship could it be other than innkeeper and guest? Does Georgia require that a certified question be a question that's outcome determinative? I don't think so. In some states, I know Alabama does. I don't think so. I don't know for sure. I am not familiar with that. But I do think also that in this case — In other words, it might. You just don't know. Well, it might, but I don't know if it's even necessary for — I think this Court could find that it is a guest-innkeeper relationship based upon the four corners of the summary of service where guest is put guest relations, lodging and sales tax, which is part of the Neeson case, owner use. All of the issues about guest are determinative in this — in this relationship, which is a summary of service. We could affirm the summary judgment because no matter what it was, even under the most lenient standard, this record establishes no liability. I think that it's a jury question because you have not gone to determine the facts in the case that it would be — the case of the traversal, Anjali's case, is one that says that it's up to the jury to determine, and the facts of going up and down are determinative as well. It is not like she regularly traversed. They just got there. She goes up, she comes down. That's it. And so we have an expert that says the treadle height was dangerous. We have an expert that says the code wasn't met. We have an agreement in VCASA that says, according to the agreement, that they will meet code. It says that the owner's execution of the agreement says that they are in compliance with applicable local building, health, and other codes or regulatory requirements, and the home as a vacation rental is not prohibited by any applicable law, regulation, deed restriction, et cetera. And these representations or warranties are continuing, and that's what they say. So those are things that would go to — What is the duty then of someone who is going to rent their home through a rental services agreement to inspect it, to go beyond? And also there's evidence that after the inspection, they had utilized the property for a time period. Because of the cot screw-up at the beginning, you got a lot more time. I do appreciate that. I understand your case. You have been great, and I very much — Listen, the last time I was here, judges, was like 10 years ago. We appreciate the compliment. Well, I'll say this, too. It was nice having your guest with us, and hope you have a great legal career. Thank you so much for being so kind. Appreciate that. We're adjourned.